IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS HAYWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 21-cv-3231 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO OFFICERS LOFGREN, | ) | Complaint for violation of Civil Rights |
| STAR NO. 3600, AND WALLACE, STAR | ) | |
| NO. 14953, and UNKNOWN AND | ) | |
| UNNAMED CITY OF CHICAGO POLICE | ) | JURY DEMANDED |
| OFFICERS. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## JURISDICTION AND VENUE

1.     This action arises under the United States Constitution and the Civil Rights Act of

1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C.

Sections 1343 and 1331.

2.     Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts

complained of arose in this district.

## PARTIES

3.     At all times herein mentioned, Plaintiff THOMAS HAYWOOD (hereinafter

"Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4.     At all times herein mentioned Defendants City of Chicago Police OFFICERS

LOFGREN and WALLACE, and unknown and unnamed officers were employed by the City of

Chicago Police Department (collectively "police defendants" or "defendants") and were acting

under color of state law and as the employee, agent, or representative of the City of Chicago

Police Department. These Defendants are being sued in their individual capacities.

## FACTUAL ALLEGATIONS

5.      On June 8, 2019, Plaintiff was lawfully walking in Chicago in the morning to go to a

friend's house.  .

6.      While Plaintiff was in the vicinity of by 6756 S. Oakley Avenue, Chicago IL, 60636

the defendants approached and detained the Plaintiff.

7.      Thereafter, the police defendants wrongfully seized money from the Plaintiff.

Plaintiff's money was never returned despite there being no legal grounds to seize and or

continuously retain the money.

8.      Plaintiff is informed and believes that at the time that Defendants detained the

Plaintiff, they were about to be, or were in the process of executing a search warrant for the

residence located at 6756 S. Oakley Avenue.

9.      While searching the residence, including the garage, the defendants and other

unknown and unnamed police personnel alleged that they found illegal drugs and weapons inside

the residence and/or inside the garage.

10.     Plaintiff did not own and/or reside at the residence located at 6756 S. Oakley.

11.     The police arrested the Plaintiff on June 8, 2019. Plaintiff was charged with Armed

Habitual Criminal (720 ILCS 5.0/24-1.7-A), Possession of 15<100 Grams of Heroin (720 ILCS

570.0/402-C), Possession of a Controlled Substance (720 ILCS 570.0/402-C), Issuance of a Warrant

(725 ILCS 5.0/110-3), and Possession of Cannabis 30-100 Grams (720 ILCS 550.0/4-C).

12.     To the extent any drugs or illegal weapons were found in the garage and/or the residence it did not belong to Plaintiff and there was no reason to believe that it belonged to Plaintiff.

13.     The Plaintiff was not in possession of any illegal drugs and/or was not in possession of any weapons.

14.     There was no probable cause to arrest the Plaintiff for any crimes.

15.     The Defendants caused Plaintiff to be prosecuted for the crimes listed in paragraph 11.

16.     There was no probable or legal cause to prosecute the Plaintiff for any crimes.

17.     On or about December 17, 2019, Plaintiff was found not guilty of all charges and the case terminated in his favor.

18.     Plaintiff had been in custody and continued to remain incarcerated upon his arrest and until after the criminal proceedings terminated in his favor.

19.     Plaintiff continued to be in custody following his acquittal because he was alleged to have had a parole violation. The parole violation arose out of Plaintiff's illegal arrest and unlawful prosecution.

20.     Plaintiff was deprived of his liberty for a substantial length of time as a result of the acts of the Defendants.

21.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

3

22.     The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1983, 42 U.S.C 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS AND EACH OF THEM KNOWN AND UNKNOWN FOR A WRONGFUL DETENTION

24.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty three (23) as though fully set forth at this place.

25.     The Defendants and each of them, known and unknown, individually, acted to deprive Plaintiff of his Fourth Amendment rights by arresting and causing the Plaintiff to be prosectued without probable or legal cause.

26.     By reason of the conduct of defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

27.     In arresting and causing the Plaintiff to be arrested and prosecuted, the defendants and other unknown officers fabricated, misrepresented, wrote false reports and otherwise acted illegally to accomplish the illegal arrest and prosecution of Plaintiff.

28.     Subsequent to his arrest, Plaintiff was continually detained and prosecuted without probable or legal cause in violation of his Fourth Amendment rights.

29.     The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights.  Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS AND EACH OF THEM KNOWN AND UNKNOWN FOR A WRONGFUL DETENTION

30.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) as though fully set forth at this place.

31.     When Plaintiff was seized, as alleged above, money was seized from him and not returned.

32.     The seizure was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights.  Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983 for the money taken.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.      That individual Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.      That these same Defendants be required to pay Plaintiff's special damages;

5

3.    That these same Defendants required to pay Plaintiff's attorneys fees pursuant to 42 1983 of Title 42 of the United States Code, Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.    That the individual Defendants and each of them and other unnamed and unknown Defendants other than the City of Chicago and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5.    That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.    That Plaintiff have such other and further relief as this Court may deem just and proper.


                                        BY:    s/ Edward M. Fox
                                               ED FOX & ASSOCIATES
                                               Attorneys for Plaintiff
                                               300 West Adams
                                               Suite 330
                                               Chicago, Illinois 60606
                                               (312) 345-8877
                                               efox@efox-law.com


                    PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

                                        BY:    s/Edward M. Fox
                                               ED FOX & ASSOCIATES
                                               Attorneys for Plaintiff
                                               300 West Adams
                                               Suite 330
                                               Chicago, Illinois 60606
                                               (312) 345-8877
                                               efox@efox-law.com